IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | CRIMINAL ACTION NO. 04-36J |
| VINCENT D. DAVIS, a/k/a "The Wizard," | ) | |
| KEVIN P. FLOOD, | ) | |
| KENNETH S. HAMLIN, | ) | |
| RAYMOND A. RABREAU, a/k/a "J.P.," | ) | JUDGE GIBSON |
| and WAYNE A. VANCE, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION and ORDER OF COURT

**GIBSON, J.**

This case comes before the Court on Defendant Kevin P. Flood's Motion to Sever (Document No. 83) and Motion for Pretrial Release/Petition for Bail Reduction(Document No. 71). For the reasons stated herein, both motions are denied.

**Motion to Sever (Document No. 83)**

Flood moves to sever his trial from the trial of his co-defendants as he claims prejudice from the fact that he remains incarcerated and his co-defendant, Wayne A. Vance, obtained a continuance of the hearing on pre-trial motions that resulted in him remaining incarcerated during the continuance period.

The Court notes at the outset that Flood's rights under the Speedy Trial Act have not been violated by the continuances of the pre-trial motions hearing obtained by Vance in 2005 because Flood's time as calculated under the Speedy Trial Act was not "running" but was, in fact, "stopped" by Vance's

motions for continuances. *See* Document Nos. 81 and 82; *see also U.S. v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1993). Defendant Flood must demonstrate "clear and substantial prejudice" for a claim of improper joinder to be established and severance granted. *U.S. v. Gorecki*, 813 F.2d 40, 43 (3d Cir. 1987).

The Court finds that the joinder of the offenses and the Defendants in this matter under one indictment was proper under Federal Rule of Criminal Procedure 8 as all five defendants were alleged to have conspired to distribute and possessed with the intent to distribute in excess of 100 kilograms of marihuana. The Defendant's argument for severance is based upon alleged prejudice to him resulting from the fact that a continuance granted by this Court on a motion by a co-defendant prolongs the start date of trial and thus prolongs his period of pre-trial detention. The Court does not find that this circumstance establishes the "clear and substantial prejudice" necessary for severance under this rule. In fact, this motion for severance concerns the issue of bond more than the issue of severance because in order for severance to be a viable issue some violation of a right which would be at issue at trial or the trial procedure itself would have to be established. Such is not the case here. Recognizing that the related issue of release on bond is renewed in the Defendant's Motion to Suppress filed on April 21, 2005, the Court will deny the Defendant's Motion to Sever and will now address the Defendant's Motion for Pretrial Release/Petition for Bail Reduction.

### Motion for Pretrial Release/Petition for Bail Reduction (Document No. 71)

The Defendant requests pre-trial release based upon the fact that the Government delayed in arraigning him, providing him with requested discovery, that his Sixth Amendment right to a speedy trial is being violated and that if released, Flood would have a place to reside in Altoona until the time

of trial. Although not specifically challenged by the Defendant, the Court will conduct an analysis of the Defendant's rights under the Speedy Trial Act and the trial and custody "clocks" established therein before analyzing any violation of Flood's rights under the speedy trial clause of the Sixth Amendment or the due process clause of the Fifth Amendment because of the Defendant's pre-trial detention.

The Speedy Trial Act requires that the trial of a defendant who pleads not guilty must commence within seventy days from the later of 1) the date of the filing or 2) the date of making public the information or indictment or 3) the defendant's appearance before a judicial officer of the court in which [the] charge[s] [are] pending...." 18 U.S.C. § 3161(c)(1). This is what the Court typically refers to as the "trial clock." The trial clock is stayed by the occurrence of several conditions, which are listed in 18 U.S.C. § 3161(h), the most common of which include any delay resulting from the filing of a pretrial motion, a delay, not exceeding thirty days, because a proceeding is taken under advisement by the Court and delays resulting from a co-defendant's outstanding motions. 18 U.S.C. § 3161(h)(1)(F) & (J) and (h)(7).

The Court also notes that the trial clock begins when the last co-defendant is brought before a judicial officer. *United States v. Bermea*, 30 F.3d 1539, 1567 (5th Cir. 1994)(citing *United States v. Arbelaez*, 7 F.3d 344, 347 (3d Cir. 1993)).

First, the criminal matter against Flood was initiated by a Complaint filed on October 27, 2004 for which he had an initial appearance on November 3, 2004, clearly within the thirty day requirements of 18 U.S.C. § 3161(b); an indictment against Flood, Davis, Hamlin, Rabreau and Vance was filed and sealed on November 17, 2004. Although the indictment was unsealed and the initial appearance and arraignment for Flood occurred on January 10, 2005, the final defendant to have his initial appearance

and arraignment before a judicial officer was Davis on February 7, 2005. From February 7, 2005, the trial clock would have begun, but, as recognized by the Government, the record reflects that several extensions were active on that date which prevented the clock from beginning. The Court refers Flood to the docket in this matter and notes that the first day of the running of the clock would have been March 6, 2006, the first day after the thirty days of the Court's advisement time provided for under 18 U.S.C. § 3161(h)(1)(J) had expired. However, another pretrial motion, Rabreau's Motion to Change Counsel/Motion for Reconsideration Based Upon New Facts and Issues (Document No. 120) for which the Court does not intend to hold a hearing, but which will be taken under advisement after the Government files its responsive brief by March 27, 2006 remains outstanding until thirty days of advisement time by the Court has expired or the Court rules on that motion prior to the expiration of that advisement period. Therefore, no time has began to run on the trial clock and the Defendant's rights pursuant to 18 U.S.C. § 3161 have not been violated.

As for the ninety days custody clock established by 18 U.S.C. § 3164, that clock would begin to run on the date of arrest. Flood indicates that his federal incarceration began on November 4, 2004, with his transfer from the Blair County Jail to the Cambria County Jail, but the Court notes that Flood's initial appearance on the criminal complaint against him was on November 3, 2004 and the return portion of the arrest warrant is not filled in. Assuming that Flood was arrested on November 3, 2004, no pretrial motion was filed nor did any other excludable delay occur until the filing of Vance's Motion to Unseal Indictment on December 9, 2004 which was granted December 13, 2004. Thereafter, a series of pre-trial motions have stayed the custody clock through the date of the attached order as analyzed above. Therefore, as of the date of this Memorandum Opinion, thirty-seven days have run on the

custody clock for Flood (twenty-nine days in November 2004 and eight days in December 2004). Thus, the ninety day custody clock established in 18 U.S.C. § 3164 has not run in this matter.

In evaluating Flood's Sixth Amendment rights to a speedy trial, the Court must assess four factors: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101, 116-117 (1972).

In considering the first factor of length of delay, the Court in *Barker* indicated that only a delay that is "presumptively prejudicial" will trigger further review of the other three factors and that the delay to be "tolerated" for a charged crime depends on the complexity of that crime. *Barker* at 530-531, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101, 116-117 (1972). In *Doggett v. United States*, 505 U.S. 647, 652, 112 S.Ct. 2686, 2691, 120 L.Ed.2d 520, 528 n. 1 (1992) the Supreme Court recognized that a delay of one year has been accepted by lower courts as a bench mark sufficient to trigger a *Barker* inquiry. The Defendant has been incarcerated on federal charges for approximately seventeen months, therefore, the Court finds it appropriate to continue weighing the other three factors as this period exceeds one year.

With regard to the second factor of the reason for the delay, the Court notes that Flood and his co-defendants have requested several extensions of time which have resulted in the majority of the time that this trial has been delayed. Flood argues that the Government has caused delays in discovery that were not intentional but at best negligent. Motion to Suppress (Document No. 71) ¶ ¶ 68-70. The Government denies that it has delayed producing discovery in this matter. Flood did file a motion for discovery (*see* Document No. 45) which was granted in part by the Court on February 11, 2005 as to

the evidence receipts from the search of CI Brubaker's home. *See* Document No. 54. Flood claims that he did not receive this evidence until March 15, 2005. Flood also argues that after a March 14, 2005 oral request made of the Government, the Government did not produce tape recordings of conversations between Flood and CI Brubaker until the week of March 21, 2005. The Government argues that all discovery was timely provided. The record does not confirm either argument. The record reflects no dilatory tactics of the Government. Even if the delays of five weeks were proven by some evidence of record, such delays are not what is preventing the trial of Flood. In March 2005, Flood's co-defendants and even Flood himself still had time to file their pre-trial motions, thus precluding the immediate scheduling of a trial at that time. This factor weighs in favor of the Government.

With regard to the third factor of assertion of his rights, Flood's counsel asserted the Defendant's Sixth Amendment right to a speedy trial before Magistrate Judge Pesto during a bond hearing on March 14, 2005. Magistrate Judge Pesto recognized that this issue was not before him, but rather was an issue appropriate for this Court. Flood's counsel thereafter filed the current motion on April 21, 2005. Because of Flood's persistence in more than timely pursuing this matter, Flood is entitled to "strong evidentiary weight" in his favor on this factor. *See Barker*, 407 U.S. 514, 531-532, 92 S.Ct. 2182, 2192-2193, 33 L.Ed. 2d 101, 117 (1972).

The fourth and final factor is the prejudice to Flood. The *Barker* Court required that this factor be viewed "in the light of the interests of" a defendant and identified three interests: 1) to prevent oppressive pretrial incarceration; 2) to minimize anxiety and concern of the accused; and 3) to limit the possibility that the defense will be impaired. *Barker* at 532, 92 S.Ct. 2182, 2193, 33 L.Ed.2d 101, 118

(1972). The Plaintiff must demonstrate actual proof of prejudice or the Court itself can recognize the existence of an "excessive delay", which in itself "presumptively compromises the reliability of a trial...." *Doggett v. U.S.*, 505 U.S. 647, 655, 112 S.Ct. 2686, 2692-2693, 120 L.Ed.2d 520, 531 (1992). Considering these interests, the Court has not been informed that evidence has been lost, but recognizes that with each day, the memories of witnesses fade. Further, there is no evidence that Flood's defense is hindered by his incarceration. Clearly Flood wishes to be released and is understandably concerned, as any detained criminal defendant would be, that continual delays in pretrial proceedings will delay his release even further during a period of time in which Flood has not yet been convicted, but is presumed innocent. This interest was also not addressed by Flood in his motion. However, the Court notes that the Government has not taken an action to delay the start of a trial in this matter. Nevertheless, the Court's view of the delay is that the seventeen months of detention is approaching the status of being "excessive delay" that would compromise the reliability of the trial. However, at this time, this factor weighs in favor of the Government.

Weighing all of these factors and circumstances as the Court must under *Barker,* 407 U.S. 514, 533, 92 S.Ct. 2182, 2193, 33 L.Ed.2d 101, 118-119 (1972) along with relevant circumstances, including the factor that this is a multi-defendant conspiracy matter, and such matters are frequently attendant with delays and motions filed by co-defendants who disagree with each other regarding legal theories and the facts of the matter, the Court finds that the delay of approximately seventeen months is not sufficient in the case *sub judice* to establish a violation of Flood's Sixth Amendment right to a speedy trial. This ruling is without prejudice to the Defendant raising the Sixth Amendment argument again in the future.

As to Flood's terse argument that his right to a speedy trial under the due process clause of the

Fifth Amendment has been violated, the Court will deny Flood's motion for pretrial release. Flood has not demonstrated that "the Government's delay in bringing the indictment was a deliberate device to gain an advantage over him and that it caused him actual prejudice in presenting his defense." *U.S. v. Gouveia*, 467 U.S. 180, 192, 104 S.Ct. 2292, 2299, 81 L.Ed.2d 146, 157 (1984)(citations omitted).

Finally, the Court will consider the release of Flood under the pre-trial release and detention statute found at 18 U.S.C. § 3142. The Court has reviewed the transcript of the prior detention hearings before Magistrate Judge Pesto (see Document Nos. 7, 100) wherein Flood was ordered detained based upon a lack of evidence demonstrating that Flood possessed sufficient ties to the community to ensure his continued presence here during pre-trial proceedings and continuing through trial. Preliminary Examination and Detention Hearing Transcript (Document No. 7) pp. 22-24; Detention Hearing Transcript (Document No. 100), pp. 30-31. Flood has not produced any evidence that would rebut the presumption that no condition or combinations of conditions would assure his appearance at further court proceedings. This presumption applies in this case because probable cause exists that Flood committed an offense found in the Controlled Substances Act which carries a maximum term of imprisonment of ten years or more. 18 U.S.C. § 3142(e). The Court finds, absent new evidence or circumstances being brought before the Court, the only manner of preventing the risk of flight by Flood is to keep him detained.

Therefore, Flood's Motion for Pretrial Release/Petition for Bail Reduction is denied without prejudice.

**AND NOW**, this 27th day of March, 2006, this matter coming before the Court on the Defendant Kevin P. Flood's Motion to Sever (Document No. 83) and Motion for Pretrial Release/Petition for Bail Reduction(Document No. 71), IT IS HEREBY ORDERED THAT the Motion to Sever is DENIED and the Motion for Pretrial Release/Petition for Bail Reduction is DENIED WITHOUT PREJUDICE .

**BY THE COURT:**

*Kim R. Gibson* (signature)

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**