IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) CRIMINAL NO. 04-36J |
| VINCENT D. DAVIS, a/k/a "The Wizard," | ) |
| KEVIN P. FLOOD, | ) |
| KENNETH S. HAMLIN, | ) |
| RAYMOND A. RABREAU, a/k/a "J.P.," | ) JUDGE GIBSON |
| and WAYNE A. VANCE, | ) |
| | ) |
| Defendants. | ) |

# Memorandum Opinion and Order of Court

**GIBSON, J.**

This matter comes before the Court on the Defendant Kevin P. Flood's (hereinafter "Flood") Motion for Testing of Audio-Tapes and Other Evidence (Document No. 187). Counsel for Defendant Raymond A. Rabreau (hereinafter "Rabreau") has orally joined in the motion and arguments made by Flood.[1]

Flood's motion consists of thirteen paragraphs without any supporting memorandum of law. The arguments presented suggest that testing of the audio tapes, previously found by the Court to be audible[2], is necessary to confirm the tapes' authenticity and that testing of cocaine seized from Flood's

---

[1] These two Defendants are the only remaining Defendants in this action who are proceeding to a jury trial.

[2] The Court in its Memorandum Opinion and Order of April 28, 2006 (Document No. 149) on the Motion of Defendant Flood to Suppress Audio-Taped Surveillance (Document No. 71) excluded the audiotapes labeled Government Exhibits Four and Five (recorded on 3/7/2004 and 3/10/2004, respectively), but denied Flood's Motion as to the audio-taped recordings labeled Government Exhibits 3, 6, 7, 8, 9, 10, 11, 12 ,13 ,14 (recorded on 3/5/2004, 3/15/2004, 3/18/2004, 3/22/2004, 4/2/2004, 4/5/2004(two recordings) and 4/9/2004(three recordings), respectively).

residence is necessary to prove that its content is consistent with cocaine found in the residence of Keith Brubaker (hereinafter "Brubaker"), a confidential informant working with the Government in this investigation, and cocaine seized from Defendant Scott Hamlin (hereinafter "Hamlin"). In regard to this latter argument, Flood wishes to establish that cocaine seized from both of the residences and Hamlin contain heroin, thus providing a basis to argue that Brubaker was the supplying source of the cocaine which was seized. The Government has filed a Response (Document No. 198) in which it argues that Flood's Motion is untimely as it was filed eighteen days prior to the scheduled jury selection and trial and almost four months after the Court ruled upon all pretrial motions and had scheduled the first trial date.[3] The Government does not address the merits of Flood's Motion, but requests that it be denied based upon its untimeliness.

Federal Rule of Criminal Procedure 12 provides in pertinent part:

**(b) Pretrial Motions.**
\*\*\*

**(3) Motions That Must Be Made Before Trial.** The following must be raised before trial:

\*\*\*

**(C)** a motion to suppress evidence;

**(D)** a Rule 14 motion to sever charges or defendants; and

**(E)** a Rule 16 motion for discovery.

\*\*\*

---

[3] Trial in this matter was first scheduled for June 5, 2006, rescheduled for August 7, 2006, rescheduled again for August 14, 2006, and then finally rescheduled for September 12, 2006 until the Court granted Flood's Motion to Continue (Document 191) on August 30, 2006 (Document 194).

2

> **(c) Motion Deadline.** The court may, at the arraignment or as soon afterward as practicable, set a deadline for the parties to make pretrial motions and may also schedule a motion hearing.
>
> \*\*\*
>
> **(e) Waiver of a Defense, Objection, or Request.** A party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides. For good cause, the court may grant relief from the waiver.

FED. R. CRIM. P. 12. Federal Rule of Criminal Procedure 16 reads in pertinent part:

> **(E) Documents and Objects.** Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> **(i)** the item is material to preparing the defense;
>
> **(ii)** the government intends to use the item in its case-in-chief at trial; or
>
> **(iii)** the item was obtained from or belongs to the defendant.

FED. R. CRIM. P. 16.

Although the Government appears to characterize Flood's Motion as a motion to suppress evidence that is untimely (*see* Government Response p. 8-9), the Court views Flood's motion as one to be characterized as a request for inspection of items in the Government's possession as Flood seeks to independently test the authenticity of audiotapes recorded by the Government's confidential informant and the quality/content of cocaine seized by the Government. This is clearly a Rule 16 motion, and as such, it must be made before trial, specifically before the deadline set by Court for making such a pretrial motion.

The deadline for Flood to file his pretrial motions was April 20, 2005; Flood filed several

3

pretrial motions, under the one heading, "Motion to Suppress" (Document No. 71)[4] on April 21, 2005, which was one day past the deadline. The Court still considered Flood's Motion to Suppress despite its untimeliness and also considered even later filed pretrial motions.[5] The Court then proceeded to hold pretrial hearings for Flood's and his co-defendants' pretrial motions beginning on August 4, 2005, and continuing on August 5, 2005, October 11, 2005, and November 30, 2005. After review of the parties' post-hearing briefs, the Court then rendered its decisions regarding Flood's Motion to Sever and Motion for Pretrial Release/Petition for Bail Reduction on March 27, 2006 and its decisions as to all other remaining pretrial motions on April 28, 2006.

Flood presents no basis of "good cause" to the Court pursuant to Rule 12(e) that would allow the Court to grant Flood relief from his waiver of the issues presented in the present motion. In fact, as to the requested testing of the audiotapes, he presents no basis whatsoever for his assertion that testing is necessary. Nevertheless, the Court will not ignore its duty to address the issue of authenticity of such evidence at trial and will permit such evidence to be presented to the jury only after a *prima facie* showing of authenticity in accordance with the procedure under Federal Rule of Evidence 104(b). *U.S. v. Reilly*, 33 F.3d 1396, 1404 (3d Cir. 1994). However, the Court does not find the need for a

---

[4] This Motion contained several separate motions which were entitled "Motion to Suppress," "Motion to Suppress Statement," "Motion to Quash Indictment," "Motion Fo [sic] Suppress Audio-Tape Surveillance," and "Motion for Pretrial Release/Petition for Bail Reduction."

[5] Flood's counsel later filed a Motion to Sever (Document No. 83) on July 12, 2005 and a Motion to Produce Evidence which the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609 with Citation of Authority (Document No. 87) on July 19, 2005. The Court by Order dated December 5, 2005 (Document No. 128) also permitted Flood to join in Defendant Wayne Vance's Supplement to his Motion to Suppress Evidence at Document No. 123. It is clear that Flood had ample opportunity to file pretrial motions under Rule 12 and Rule 16 and was even permitted to file pretrial motions after the deadline set by the Court for such motions. To attempt once again to take advantage of this Court's forbearance at this late stage, two and one-half weeks prior to the date set for the commencement of trial, is inexcusable.

4

*Starks* hearing,[6] as the Defendant has not presented a "colorable attack" as to the authenticity of the audiotapes in question so as to shift the burden to the Government to prove the audiotapes' chain of custody. *U.S. v. Starks*, 515 F.2d 112, 122 (3d Cir. 1975). The Defendant's attack only consists of a general request for testing the authenticity of the audiotapes possessed by the Government, the authenticity of which must be established by the Government at the time of trial even in the absence of this motion by Flood.

Flood presents more information concerning his basis for requesting testing of the cocaine seized by the Government. While the testing of the various amounts of cocaine seized may provide some support for the fact that it originated from one source, that being the confidential informant who allegedly gave it to Flood for his "back pain," the time for this request, as well as the request to test the Government's audiotapes, has long passed. Trial of this case[7] should not be delayed at this time to consider issues which should have been raised much earlier in this proceeding.

Flood's Motion for Testing of Audio-Tapes and Other Evidence must be denied.

An appropriate Order follows.

---

[6] In *U.S. v. Starks* 515 F.2d 112, 121 n.11(3d Cir. 1975) the Court of Appeals for the Third Circuit adopted a seven factor test for through which the Government must demonstrate with clear and convincing evidence that a proffered recording is authentic and accurate before its admission into evidence at trial. The seven factors are not listed here as that analysis is not necessary for the purposes of the issue before the Court.

[7] This case was initiated in October 2004 and, therefore, it has been ongoing for almost two years.

**AND NOW**, this 4th day of October, 2006, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT the Defendant's Motion for Testing of Audio-Tapes and Other Evidence (Document No. 187) is DENIED.

BY THE COURT:

*(signature)*

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE