IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CRIMINAL NO. 3:2004-36 |
| ) | |
| KEVIN P. FLOOD and ) | |
| RAYMOND A. RABREAU, a/k/a "J.P.," ) | JUDGE GIBSON |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

**GIBSON, J.**

Defendant, Kevin P. Flood (Flood) has filed a Motion in Limine to Sever Count III of the Indictment for Trial (Document No. 318).

Count III of the Indictment reads as follows:

> The grand jury further charges:
> On or about April 11, 2004, in the Western District of Pennsylvania, the defendant, KEVIN P. FLOOD, after having been convicted on or about June 26, 1992, at Criminal No. MO055033J, in the Lawrence County Circuit Court, Mount Vernon, Missouri, of the crime of distribution/delivery/manufacture of a controlled substance, which is a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, to wit, a Glock, Model 19, 9mm semi-automatic pistol.
> In violation of Title 18, United States Code, Sections 922(g)(1) and 924(e).

This count along with Counts I and II charging violation of 21 U.S.C. § 846 and § 841(a)(1) and (b)(1)(B)(vii) respectively, are to be presented by the Government at the commencement of trial in this matter on Monday, May 7, 2007.

Flood claims "unnecessary prejudice" will result if all three counts are tried together and argues that with the severance of Count III, the trial of Counts I and II can proceed without the jury knowing

the substance of the predicate conviction for Count III since Flood and the Government have stipulated that the jury need only be instructed that this material element of Count III has been satisfied. Flood's Motion, pp. 1-2. Flood further argues the facts concerning the condition of the weapon and its placement tend to demonstrate it was not possessed in connection with the controlled substance counts in the indictment. Flood's Motion, p. 2. In conclusion, Flood argues that he "will be substantially prejudiced by the introduction of his prior felony conviction...." *Id.*

Although Flood does not invoke Federal Rule of Criminal Procedure 14 by name or content, it is this rule the Court finds to be invoked by Flood's motion. The rule reads in pertinent part: "**(a) Relief**. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." FED.R.CR.P. 14.

The Court notes that it has already ruled that Flood's prior felony conviction will be admitted at trial for the purposes of F.R.E. 404(b) to prove his intent, knowledge, plan, preparation and absence of mistake or accident with respect to Counts I and II. Therefore, despite the stipulation of the parties concerning the prior felony conviction for purposes of Count III, evidence of the conviction will be admitted at trial for the jury to use for the limited permitted purposes pursuant to F.R.E. 404(b). Therefore, the question is whether the purposes for which the conviction is admitted for Counts I and II will somehow compound any existing prejudice as to Count III where the parties have already stipulated not to discuss the substance of the conviction at the trial before the jury for purposes of Count III.

2

The Court of Appeals for the Third Circuit faced this issue previously and held:

> Nevertheless, we think that in ruling on a pre-trial motion to sever the district court should determine whether evidence of the prior convictions would be independently admissible on the other counts. If it is determined that the convictions would not be admissible on the other counts that were these counts to be tried alone the jury would not hear this evidence then severance should be granted. In addition, we think that, in framing an indictment, the better practice dictates that the government should not set forth the details of defendants' actual convictions, but merely allege that the defendant is a convicted felon. If Defendant desires the particulars, he may, of course, so move for them. See Fed.R.Crim.P. 7.

*U.S. v. Busic*, 587 F.2d 577, 585 (3d Cir. 1978)(footnote omitted), *rev'd on other grounds, Busic v. U.S.*, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980). *See also U.S. v. Joshua*, 976 F.2d 844, 847 (3d Cir. 1992)(citing *Busic*) *disapproved of on other grounds, Stinson v. U.S.*, 508 U.S. 36, 113 S.C.t 1913, 123 L.Ed.2d 598 (1993). Busic and his co-defendant were charged with illegal possession of firearms by convicted felons in addition to other felony charges relating to the use and carrying of firearms. *Busic* at 579-580. The defendants requested severance of the counts regarding being convicted felons in possession of firearms from all other charges. *Busic* at 584. The trial court in *Busic* had previously admitted evidence of the defendants' prior convictions pursuant to F.R.E. 404(b) as rebuttal to the defendants' entrapment defense. *Busic* at 585. For this reason, the Court of Appeals found no error in the court's refusal to sever the counts for separate trials. *Id.* "In addition, prejudice was minimized in this case: the jury was never shown the indictment, and the government was not permitted to elicit the factual basis of these convictions." *Id.* Except for the difference in charges, the circumstances in this case are almost identical to *Busic*.

3

Since the Court has already concluded that evidence of Flood's 1992 conviction in Missouri is admissible pursuant to F.R.E. 404(b) for purposes related to the charges of conspiracy and possession with intent to distribute, Counts I and II of the indictment, severance of Count III charging a violation of 18 U.S.C. §§ 922(g) and 924(e) is not necessary under *Busic*. Even in light of the stipulation of the parties regarding the existence of the 1992 conviction and the decision not introduce evidence of the facts of that conviction, with regard to Count III, this conclusion not to sever is a sound one. Even if the trial was bifurcated, the jury would hear evidence of the 1992 conviction in relation to Counts I and II on substantive issues of knowledge, intent, plan, preparation and absence of mistake or accident. The Court of Appeals found in *U.S. v. Joshua* that bifurcation is appropriate to serve the goals of "judicial economy" and reducing prejudice in that bifurcation allows the Government to address the charges which do not require proof of a prior felony conviction before it addresses the charge requiring proof of a prior felony conviction. *U.S. v. Joshua*, 976 F.2d 844, 848 (3d Cir. 1992). The case *sub judice* is not such a case requiring bifurcation in light of the admission of the prior felony conviction pursuant to F.R.E. 404(b) for the other counts in the indictment that relate to Flood.

There remains one concern that the Court believes is easily relieved. The Court has previously ruled that the parties' stipulation as to felony-convict status will be accepted as to Count III against Flood, pursuant to the Supreme Court's holding in *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). However, evidence of the same conviction is admissible pursuant to F.R.E. 404(b) as to various purposes under Counts I and II. *Old Chief* presents *dictum* that the Court finds reliable in evaluating the proper procedure in the present situation:

4

> The issue of substituting one statement for the other normally arises only when the record of conviction would not be admissible for any purpose beyond proving status, so that excluding it would not deprive the prosecution of evidence with multiple utility; if, indeed, there were a justification for receiving evidence of the nature of prior acts on some issue other than status (*i.e.*, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, " Fed.Rule Evid. 404(b)), Rule 404(b) guarantees the opportunity to seek its admission.

*Old Chief* at 190, 117 S.Ct. 655, 136 L.Ed.2d 574, 594 (1997). In consideration of the fact that *Old Chief* post-dates the Third Circuit case of *U.S. v. Jacobs*, 44 F.3d 1219 (3d Cir. 1995), the Court finds that the discussion within *Jacobs* at pages 1222-1225 regarding a prosecutor's choice to refuse to enter into a stipulation as to a prior conviction in lieu of presenting evidence of a prior felony conviction has been abrogated.

The *dictum* in *Old Chief* might seem to permit the Government to back out of its stipulation for purposes of proving the charge at Count III based upon the evidence of the 1992 conviction being admissible as to Count I and II. However, the Government has already entered into a stipulation with Flood, and discussion of the 1992 conviction for F.R.E. 404(b) purposes has not been sought by the Government for purposes of its case at Count III. In conclusion, the Court finds that evidence regarding Flood's 1992 conviction will be admissible for purposes of F.R.E. 404(b), but the conviction shall not be referred to when the Government seeks to submit evidence as to Count III because of the outstanding stipulation and lack of request to present the 1992 conviction for F.R.E. 404(b) purposes at Count III.

AND NOW, this 4th day of May, 2007, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT the Defendant's Motion in Limine to Sever Count III of the Indictment for Trial (Document No. 318) is DENIED.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE